## SEGRETTO v. MENEFEE MOTOR CO., Inc.
### No. 14800.

Court of Appeal of Louisiana. Orleans. Feb. 18, 1935.

Finnorn & Todd and Robt. B. Todd, all of New Orleans, for appellant.

Geo. Piazza, of New Orleans, for appellee.

LECHE, Judge.

Plaintiff filed this suit claiming the sum of $190, $90 of which represented the purchase price of a certain Chevrolet truck and $100 of which was claimed as damages for loss of the use of said truck. The petition sets forth the circumstances surrounding the transaction and charges fraud and misrepresentation in the confection thereof. Judgment was rendered in favor of plaintiff in the sum of $90, his claim for damages being rejected. Defendant appealed from the judgment and plaintiff also appealed, asking for an increase.

Plaintiff had a negro tenant named Yerby, who was in arrears in his rent. Yerby told plaintiff that if he had a truck he could obtain employment and earn enough money to pay his rent, as he had done formerly. Plaintiff, in an effort to assist Yerby and also in order that he might receive his rent, told Yerby that if a suitable truck was found that did not cost too much, he would purchase it. Some time later Yerby returned and told plaintiff that he had seen a suitable truck for the price of $90. The next day plaintiff accompanied Yerby to defendant's place of business and defendant showed him the truck. Plaintiff gave defendant's agent his check for $90 and no mention was made by defendant's agents, or any one else, that the price of the truck was any greater than the $90 paid. Defendant's agent gave plaintiff what plaintiff thought was a bill of sale, but which was, in fact, only a receipt for the $90. Plaintiff was an Italian, who could neither read nor write, and he placed the receipt in his pocket and returned to his work. Shortly thereafter he exhibited the receipt to his son, inquiring as to its import. When informed by his son that it was not a bill of sale, but merely a receipt for $90, he returned at once to defendant's place of business and demanded a bill of sale. He was told by defendant's agent to come back at 5 o'clock, but at that time defendant's agent sought out plaintiff at the place where he was working and said he had made the bill of sale in Yerby's name, but that he had also drawn another document protecting plaintiff. The document in question, dated September 23, 1932, which was also the date upon which these occurrences took place, read as follows: "I, Harry Yerby, do hereby transfer my equity in one Chevrolet 1½ ton truck, motor No. T-4055972, Serial No. 3A O 5005 License No. 188 to Mr. Sam Segretto until amount of $90.00 is paid, advanced for purchase of same.

"Harry Yerby."

And a further paper signed by Yerby read as follows:

"I agree to pay Mr. Sam Segretto $10.00 per month from September 23, 1931."

Plaintiff, relying on the better business judgment of defendant's agent and on the representations made by him, accepted the above documents, defendant's agent making no mention that the price of the truck was any greater or that there was a chattel mortgage placed on the truck by Yerby. As a matter of fact, a chattel mortgage had been placed on the truck by Yerby to the full knowledge of defendant's agent, and, of course, to the knowledge of Yerby. The chattel mortgage was secured by a note in the sum of $103.50 and was not recorded until September 29, 1931, six days after the transaction between plaintiff and the defendant. A further circumstance tending to cast suspicion on the transaction is the fact that the $90 paid by plaintiff was not credited upon the price of the truck, but only $79.50 thereof was so credited, the balance of $10.50 being paid in cash to Yerby for the purpose, as testified by defendant's agent, of permitting Yerby to operate on. Plaintiff was naturally under the impression that he had purchased a truck for the sum of $90 cash and that the deal was entirely consummated. Nor was this impression disturbed until the December following, when plaintiff received a demand letter from defendant's attorney requesting the balance due of $103.50 and notifying plaintiff that defendant held the chattel mortgage note of Yerby. Plaintiff immediately consulted his attorney, who agreed with defendant's attorney that the truck be sold and that, out of the proceeds thereof, the sum of $90 be held by defendant subject to the outcome of litigation. Defendant, however, did not accept this agreement and its agents presented themselves at the home of plaintiff during plaintiff's absence and

took possession of the truck. Plaintiff's family were under the impression that these were officers of the court and that they were bound to turn the truck over to them, and, consequently, let them have the truck. Defendant's agents deny that they represented themselves as court officers, merely stating that under the chattel mortgage they had the right of repossession.

Be that as it may, there is no doubt that plaintiff was led into the belief, by the actions and conduct of defendant's agents, that he was the owner of the truck and that it had been paid for in full. Consequently, he was laboring under an error of fact. Article 1821, Rev. Civ. Code, reads as follows: "That is called error of fact, which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none."

Article 1823, Rev. Civ. Code, reads: "Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself."

There is no doubt that the principal cause for making the contract was the fact that the price of the truck was $90 and that it was a cash transaction with no further strings attached to it. Had plaintiff been informed otherwise, he would not have purchased the truck nor put up his money. The error, therefore, is such as is contemplated by article 1823 and sufficient to invalidate the contract. Had plaintiff known that the price of the truck was greater than $90, or that there was a chattel mortgage upon it, he would not have consented to the transaction. At no time did defendant's agents inform him of either of these facts and recordation of the chattel mortgage was withheld for six days thereafter. Information as to these facts would have destroyed the error, but such information was withheld by defendant. Article 1832, Rev. Civ. Code provides: "In all cases, however, when the information, which would have destroyed the error, has been withheld by the other party to the contract, it comes under the head of fraud, and invalidates the contract."

We are therefore of the opinion that the learned trial judge was not in error in awarding the plaintiff the sum of $90.

 As to the damages in the sum of $100 claimed by plaintiff, this item is claimed specifically for the loss of use of said truck through defendant's action. The record does not sustain this plea, inasmuch as plaintiff testified that the purpose of buying the truck was to permit Yerby to use it in order to make sufficient money to pay his rent, and the evidence further shows that upon Yerby's default the truck was stored in plaintiff's yard. The truck was not essential to plaintiff's business, was not used by him, and, consequently, damages cannot be allowed for a loss which it is not proved plaintiff suffered.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.